UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA R.,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No. C20-5499 RAJ<br><br>**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by finding migraines and mental health impairments non-severe and by discounting her testimony and a medical opinion. Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 49 years old, has a high school education, and has worked as a welder and a pipe fitter. Dkt. 10, Admin. Transcript (Tr.) 25. Plaintiff applied for benefits in August 2017, alleging disability as of March 6, 2014. Tr. 78. After the ALJ conducted a

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

hearing in February 2019, the ALJ issued a decision finding Plaintiff not disabled.  Tr. 35-76, 15-27.  Based on Plaintiff's severe impairment of cervical and lumbar degenerative disc disease, status post fusion, the ALJ found Plaintiff had the Residual Functional Capacity to perform sedentary work, standing and walking two hours per day.  Tr. 17, 20.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Step Two Severe Impairments**

Plaintiff contends the ALJ erred by finding her migraines and mental impairments non-severe.  A non-severe impairment "does not significantly limit [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1522(a).  Plaintiff contends the opinion of April DeLira, M.D., of "fair" persistence and pace, which the ALJ found well-supported, establishes that her mental impairments clear the *de minimus* threshold for a severe impairment.  Dkt. 12 at 7.

However, an ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  Because the ALJ considered Plaintiff's migraines and mental health symptoms when determining Plaintiff's RFC, any error at step two is harmless.

### B. Plaintiff's Testimony

The ALJ could only discount Plaintiff's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678. The ALJ discounted Plaintiff's testimony on migraines and mental impairments based on lack of treatment, normal clinical findings, and her activities. Tr. 21-22.

Plaintiff testified that about four times a week she gets migraines that incapacitate her for about six hours. Tr. 55. Yet Plaintiff only sought care for this allegedly disabling symptom twice during the relevant period. In January 2016 Plaintiff presented for treatment of a headache, and was given medication "with complete resolution of presenting symptoms" within 45 minutes. Tr. 633. In December 2018 Plaintiff reported migraines four to five times a week and was prescribed medication. Tr. 1042-43. The record shows Plaintiff sought no further care and, as the ALJ noted, no provider referred her to a specialist such as a neurologist. Tr. 21. Plaintiff cites other records showing reports of headaches, or migraines listed among Plaintiff's diagnoses or past medical history, but these are not evidence of actively seeking treatment. Dkt. #12 at 4. The ALJ did not err by discounting Plaintiff's migraine testimony based on failure to seek more treatment for such an allegedly debilitating impairment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" is sufficient reason to discount a claimant's symptom testimony).

The ALJ discounted Plaintiff's testimony of depression and difficulty interacting with people because her treatment providers regularly found completely normal mental status examination results.  Tr. 57, 21.  Plaintiff argues physical treatment providers "are not focused on the patient's mental health."  Dkt. 12 at 7.  Contrary to Plaintiff's assertion, the providers performed quite extensive mental health examinations, documenting several detailed clinical findings.  These are not cursory screenings.  For example, in an August 2017 appointment addressing chronic pain and opioid therapy, the provider assessed judgment, insight, orientation, recent and remote memory, and mood and affect, determining there was no depression, anxiety, or agitation.  Tr. 311-12.  Moreover, Plaintiff herself denied depression and anxiety.  Tr. 310.  In her reply brief Plaintiff argues clinical findings "do not give an indication of a Plaintiff's condition outside of the provider's office…."  Dkt. 14 at 4.  But an ALJ reasonably infers that observations providers make for treatment purposes have relevance to a patient's functioning in the real world, not just the providers' offices.  Based on treatment notes documenting providers' clinical observations and Plaintiff's reports, the ALJ reasonably concluded the medical evidence contradicted Plaintiff's claims of disabling mental impairments.

Although the ALJ included erroneous reasons, such inclusion was harmless error.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (as long as remaining reasons are valid, providing improper reasons is harmless error).  The ALJ discounted migraine testimony based on a normal CT scan.  However, this was a scan of

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

Plaintiff's spine, and the only reference to Plaintiff's head is a note that the "visible portions of the skull base and intracranial anatomy are normal." Tr. 857. This is not substantial evidence showing Plaintiff's entire intracranial anatomy was normal. The ALJ also discounted Plaintiff's testimony based on activities but failed to explain how activities such as folding clothes and helping her children with homework contradicted her testimony.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**C.   Morgan McCormick, Psy.D.**

Dr. McCormick examined Plaintiff in January 2019 and diagnosed her with recurrent moderate major depressive disorder, unspecified trauma disorder, and unspecified anxiety disorder. Tr. 1062. Dr. McCormick opined Plaintiff would have marked limitations in several work-related abilities, particularly in sustaining concentration and persistence. Tr. 1063-65.

The ALJ found Dr. McCormick's opinions unsupported by the record because they conflicted with observations by Plaintiff's treating providers and because Plaintiff had not sought "any psychological or behavioral health evaluation" until Dr. McCormick's evaluation. Tr. 24-25. Conflict with the medical evidence was a sufficient reason to discount Dr. McCormick's opinions. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to

discount the opinions). As discussed above, Plaintiff's providers documented multiple mental status examinations with entirely normal results. Although Plaintiff's chief complaints were physical impairments, the providers made detailed mental findings as well. *See*, *e.g.*, Tr. 1020 (normal judgment, insight, orientation, recent and remote memory, mood, and affect). And, again, Plaintiff denied anxiety and depression. *See*, *e.g.*, Tr. 1042.

The Court concludes the ALJ did not err by discounting Dr. McCormick's opinions. Inclusion of any erroneous reasons was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 16th day of November, 2020.

*(signature: Richard A. Jones)*

The Honorable Richard A. Jones
United States District Judge